NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**ELENA STURDZA,**
*Plaintiff-Appellant,*

v.

**UNITED ARAB EMIRATES,**
*Defendant-Appellee.*

———————————————

2013-1435

———————————————

Appeal from the United States District Court for the District of Columbia in case no. 98-CV-2051, Judge Barbara J. Rothstein.

-------------------------------------------------------------------------------

**ELENA STURDZA,**
*Plaintiff-Appellant,*

v.

**UNITED ARAB EMIRATES, ANGELOS DEMETRIOU & ASSOCIATES, SZYMKOWICZ & ASSOCIATES, JOHN T. SZYMKOWICZ, MOHAMMED MATTAR, ROBERTS AND BROWNELL, THOMAS BROWNELL, MARK LANE, STEVEN TEPPLER, JOHN C. LAPRADE, FRAZIER WALTON, JR., COVINGTON & BURLING, ANTHONY HERMAN, RON DOVE, MINTZ, LEVIN,**

**COHEN, FERRIS, GLOVSKY & POPEO, P.C., DAVID T. SHAPIRO, LEWIN & LEWIN, NATHAN LEWIN, ALYZA D. LEWIN, MORRISON ARCHITECTS, ERIC MORRISON, AND VASILIOS DEMETRIOU,** **Personal Representative of the Estate of Angelos C. Demetriou,**
*Defendants.*

———————————————

2013-1453

———————————————

Appeal from the United States District Court for the District of Columbia in No. 08-CV-1642, Judge Barbara J. Rothstein.

———————————————

PER CURIAM.

# O R D E R

The court considers whether these recently docketed appeals should be dismissed.

Elena Sturdza purports to appeal from two judgments of the United States District Court for the District of Columbia, in related cases involving charges of copyright infringement. In both cases, a guardian ad litem has been appointed by the district court to conduct this litigation on behalf of Ms. Sturdza. It also appears that proceedings before the district court remain pending.

This court is a court of limited jurisdiction, which does not include jurisdiction in these copyright infringement matters. 28 U.S.C. § 1295. Although this court is authorized to transfer a case pursuant to 28 U.S.C. § 1631 "if it is in the interest of justice," because Ms. Sturdza purported to appeal without the knowledge and authorization of her guardian ad litem, we cannot say that it would be

proper to do so here.  *See generally Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) ("The appointment of a *guardian ad litem* deprives the litigant of the right to control the litigation. . . .").

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.

FOR THE COURT


/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk

s28